NICHOLAS M. WIECZOREK
Nevada Bar No. 6170
MATTHEW R. CARLYON
Nevada Bar No. 12712
**MORRIS POLICH & PURDY LLP**
500 South Rancho Drive, Suite 17
Las Vegas, Nevada 89106
Telephone:   (702) 862-8300
Facsimile:    (702) 862-8400
Email:         NWieczorek@mpplaw.com
                  MCarlyon@mpplaw.com
*Counsel for Defendant* Chaucer Corporate Capital (No.3) Limited, sued herein as Certain Underwriters at Lloyd's London Subscribing to Policy No. HAH15-0632

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MY LEFT FOOT CHILDREN'S THERAPY, LLC; JON GOTTLIEB AND ANN MARIE GOTTLIEB,<br><br>Plaintiffs,<br><br>v.<br><br>CERTAIN UNDERWRITER'S AT LLOYD'S LONDON SUBSCRIBING TO POLICY NO. HAH15-0632,<br><br>Defendant. | Case No.   2:15-cv-1746-JAD-NJK<br><br>**ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT; DEMAND FOR JURY TRIAL** |

Defendant Chaucer Corporate Capital (No.3) Limited, sued herein as Certain Underwriters at Lloyd's London Subscribing to Policy No. HAH15-0632 (hereinafter "Defendant"), by and through its counsel Morris Polich & Purdy LLP, hereby submits its Answer to Plaintiffs' My Left Foot Children's Therapy, LLC, Jon Gottlieb and Ann Marie Gottlieb (collectively "Plaintiffs") Complaint for Declaratory Judgment ("Complaint") in the above-captioned matter. Defendant affirms, denies and alleges as follows:

## ANSWER

1.   Answering paragraph 1 of the Complaint, Defendant is without knowledge, information, or belief sufficient to address the allegations, and Defendant therefore DENIES

the allegations.

2. Answering paragraph 2 of the Complaint, Defendant ADMITS that there is a coverage dispute arising Under Policy No. HAH15-0632, but is without knowledge, information, or belief sufficient to address the remainder of the allegations, and therefore DENIES the remainder of the allegations.

3. Answering paragraph 3 of the Complaint, Defendant ADMITS that Plaintiff MLF purchased Allied Health Professional Liability Insurance Policy No. HAH15-0632 which, subject to all other policy terms, conditions, exclusions and endorsements, incepted on April 15, 2015 and terminated on April 15, 2016, and affords those limits of liability as set forth in the Declarations to the Allied Health Professional Liability coverage but otherwise denies the allegations set forth in paragraph 3 of the Complaint.

4. Answering paragraph 4 of the Complaint, Defendant ADMITS that the Policy contains an endorsement titled "Billing Errors Endorsement," and that the coverage afforded thereunder is set forth in the terms, conditions and exclusions in the Endorsement, but otherwise denies the allegations set forth in paragraph 4 of the Complaint.

5. Answering paragraph 5 of the Complaint, the allegations of this paragraph require interpretation of the Policy, which is a matter which calls for a legal conclusion and thus no response is required.

6. Answering paragraph 6 of the Complaint, Defendant is without knowledge, information, or belief sufficient to address the allegations, and Defendant therefore DENIES the allegations.

7. Answering paragraph 7 of the Complaint, Defendant DENIES the allegations set forth except ADMITS that it has advised Plaintiffs, pursuant to a full reservation of rights, that subject to the terms, conditions, and exclusions contained in the Billing Errors Endorsement, they may be indemnified for loss and claim expenses combined up to the stated limits of $25,000.

8. Answering paragraph 8 of the Complaint, Defendant states that this paragraph

contains both conclusions of law which require no response and factual allegations which Defendant is without knowledge, information, or belief sufficient to address, therefore, Defendant DENIES all factual allegations of this paragraph, and does not respond to the conclusions of law in this allegation.

9. Answering paragraph 9 of the Complaint, Defendant is without knowledge, information, or belief sufficient to address the allegations, and Defendant therefore DENIES the allegations.

10. Answering paragraph 10 of the Complaint, Defendant is without knowledge, information, or belief sufficient to address the allegations, and Defendant therefore DENIES the allegations.

11. Answering paragraph 11 of the Complaint, Defendant is without knowledge, information, or belief sufficient to address the allegations, and Defendant therefore DENIES the allegations.

12. Answering paragraph 12 of the Complaint, Defendant DENIES the allegations contained therein except admits that Policy HAH15-0632 is subscribed only by Lloyd's syndicate #1084, that Chaucer Corporate Capital (No.3) Limited is the sole member of the syndicate, and that such member is organized under the laws of England, with its principal place of business in London, England.

13. Answering paragraph 13 of the Complaint, Defendant DENIES that the amount in controversy exceeds the sum of $75,000.00.

14. Answering paragraph 14 of the Complaint, Defendant ADMITS the allegations contained therein to the extent venue is premised on 28 U.S.C. Section 1391(b).

15. Answering paragraph 15 of the Complaint, Defendant ADMITS that the quotation from the Policy is accurate.

### FACTUAL ALLEGATIONS

**A.   THE INSURANCE POLICY**

16. Answering paragraph 16 of the Complaint, Defendant denies the allegations

1  contained therein except ADMITS that the Policy was issued to MLF and that Exhibit 1 is a
2  true and correct copy of the Policy.
3     17. Answering paragraph 17 of the Complaint, the allegations of this paragraph
4  require interpretation of the Policy, which is a matter which calls for a legal conclusion and
5  thus no response is required.
6     18. Answering paragraph 18 of the Complaint, the allegations of this paragraph
7  require interpretation of the Policy, which is a matter which calls for a legal conclusion and
8  thus no response is required.
9     19. Answering paragraph 19 of the Complaint, Defendant ADMITS the named
10 insured is My Left Foot Children's Therapy, LLC.  The remainder of the allegations in this
11 paragraph require interpretation of the Policy, which is a matter which calls for a legal
12 conclusion and thus no response is required.
13    20. Answering paragraph 20 of the Complaint, Defendant is without current
14 knowledge, information, or belief sufficient to address the allegations, and Defendant
15 therefore DENIES the allegations.

### 1. The Insuring Agreement - Coverage

17    21. Answering paragraph 21 of the Complaint, Defendant ADMITS the quotation
18 from section I.A. of the Policy's Insuring Agreement is accurate, however, Defendant states
19 that the term "coverage" requires interpretation of the Policy, which is a matter which calls
20 for a legal conclusion and thus no response is required.
21    22. Answering paragraph 22 of the Complaint, Defendant ADMITS the accuracy
22 of the text quoted from of the Policy.
23    23. Answering paragraph 23 of the Complaint, Defendant ADMITS the accuracy
24 of the text quoted from the Policy.  Defendant is without knowledge, information, or belief
25 sufficient to address the allegations, and Defendant therefore DENIES the allegations.
26    24. Answering paragraph 24 of the Complaint, the allegations of this paragraph
27 require interpretation of the Policy, which is a matter which calls for a legal conclusion and
28

Page 4

thus no response is required.

25. Answering paragraph 25 of the Complaint, Defendant ADMITS the accuracy of the text quoted from the Policy.

26. Answering paragraph 26 of the Complaint, Defendant ADMITS the accuracy of the text quoted from the Policy.

27. Answering paragraph 27 of the Complaint, Defendant DENIES that endorsement 14 is accurately quoted in the allegation.

28. Answering paragraph 28 of the Complaint, the allegations of this paragraph require interpretation of the Policy, which is a matter which calls for a legal conclusion and thus no response is required.

### 2. The Insuring Agreement - Coverage

29. Answering paragraph 29 of the Complaint, Defendant ADMITS the accuracy of the text quoted from the Policy.

30. Answering paragraph 30 of the Complaint, the allegations of this paragraph require interpretation of the Policy, which is a matter which calls for a legal conclusion and thus no response is required.

### 3. The Insuring Agreement - Coverage

31. Answering paragraph 31 of the Complaint, Defendant ADMITS the accuracy of the text quoted from the Policy, however, Defendant DENIES the allegation that the quoted text is the only relevant text.

32. Answering paragraph 32 of the Complaint, Defendant ADMITS the accuracy of the text quoted from the Policy.  However, Defendant DENIES the allegation that the quoted text is the only relevant text.

33. Answering paragraph 33 of the Complaint, Defendant ADMITS the accuracy of the text quoted from the Policy.

34. Answering paragraph 34 of the Complaint, Defendant DENIES that it has an obligation to defend the Plaintiffs in any Billing Errors Proceeding but ADMITS that subject

to all of the other terms, conditions and exclusions set forth in the Billing Errors Endorsement, the Endorsement contains an obligation to indemnify Plaintiffs for Claims Expenses incurred up to the $25,000 limit of liability.

### The Underlying Action

35. Answering paragraph 35 of the Complaint, Defendant is not a party to the referenced lawsuit and thus lacks sufficient knowledge, information, or belief sufficient to address the allegations, or the authenticity of Exhibit 2. Defendant therefore DENIES the allegations.

36. Answering paragraph 36 of the Complaint, Defendant is without knowledge, information, or belief sufficient to address the allegations, and Defendant therefore DENIES the allegations.

37. Answering paragraph 37 of the Complaint, Defendant is without knowledge, information, or belief sufficient to address the allegations, and Defendant therefore DENIES the allegations.

### Defendant's Refusal to Extend Coverage up to the Limit of Liability

38. Answering paragraph 38 of the Complaint, the allegations of this paragraph require interpretation of the Policy to the issue of timely notice, which is a matter which calls for a legal conclusion and thus no response is required. Defendant ADMITS it was placed on notice of the Underlying Action.

39. Answering paragraph 39 of the Complaint, Defendant DENIES the allegations.

40. Answering paragraph 40 of the Complaint, Defendant DENIES the allegations.

41. Answering paragraph 41 of the Complaint, Defendant ADMITS the allegations.

42. Answering paragraph 42 of the Complaint, Defendant ADMITS that it has denied coverage under the Allied Health Professional Liability coverage in the Policy, and that it has denied that the Claims Expenses Endorsement is applicable to the coverage afforded under the Billing Errors Endorsement but otherwise DENIES the remainder of the

1  allegations of the paragraph.

2      43.    Answering paragraph 43 of the Complaint, Defendant DENIES that it has an
3  obligation to defend the Plaintiffs in any Billing Errors Proceeding but ADMITS that subject
4  to all of the other terms, conditions and exclusions set forth in the Billing Errors Endorsement,
5  the Endorsement contains an obligation to indemnify Plaintiffs for Claims Expenses incurred
6  up to the $25,000 limit of liability.

7      44.    Answering paragraph 44 of the Complaint, Defendant is without knowledge,
8  information, or belief sufficient to address the allegations, and Defendant therefore DENIES
9  the allegations.

10      45.    Answering paragraph 45 of the Complaint, Defendant states that this paragraph
11  consists entirely of conclusions of law which do not require a response.

12      46.    Answering paragraph 46 of the Complaint, Defendant states that this paragraph
13  consists entirely of conclusions of law which do not require a response.

14      47.    Answering paragraph 47 of the Complaint, Defendant states that this paragraph
15  consists entirely of conclusions of law which do not require a response.

16  **COUNT 1**
17  **(DECLARATORY JUDGMENT – DUTY TO INDEMNITY FOR CLAIMS**
18  **EXPENSES)**

19      48.    Answering paragraph 48 of the Complaint, Defendant ADMITS those
20  paragraphs previously admitted and DENIES those paragraphs previously denied.

21      49.    Answering paragraph 49 of the Complaint, Defendant DENIES the allegations
22  of this paragraph.

23      50.    Answering paragraph 50 of the Complaint, the allegations of this paragraph
24  require interpretation of the Policy, which is a matter which calls for a legal conclusion and
25  thus no response is required.

26      51.    Answering paragraph 51 of the Complaint, the allegations of this paragraph
27  require interpretation of the Policy, which is a matter which calls for a legal conclusion and

28

1  thus no response is required.

2  52. Answering paragraph 52 of the Complaint, Defendant states that this paragraph contains both conclusions of law which require no response and factual allegations which Defendant is without knowledge, information, or belief sufficient to address, therefore, Defendant DENIES all factual allegations of this paragraph, and does not respond to the conclusions of law of this allegation.

53. Answering paragraph 53 of the Complaint, Defendant states that this paragraph contains both conclusions of law which require no response and factual allegations which Defendant is without knowledge, information, or belief sufficient to address, therefore, Defendant DENIES all factual allegations of this paragraph, and does not respond to the conclusions of law of this allegation.

54. Answering paragraph 54 of the Complaint, Defendant is without knowledge, information, or belief sufficient to address the allegations, and Defendant therefore DENIES the allegations.

55. Answering paragraph 55 of the Complaint, Defendant states that this paragraph contains both conclusions of law which require no response and factual allegations which Defendant is without knowledge, information, or belief sufficient to address, therefore, Defendant DENIES all factual allegations of this paragraph, and does not respond to the conclusions of law of this allegation.

56. Answering paragraph 56 of the Complaint, Defendant states that this paragraph consists entirely of conclusions of law which do not require a response.

57. Answering paragraph 57 of the Complaint, Defendant states that this paragraph consists entirely of conclusions of law which do not require a response.

## COUNT II

### (DECLARATORY JUDGMENT – DUTY TO DEFEND)

58. Answering paragraph 58 of the Complaint, Defendant ADMITS those paragraphs previously admitted and DENIES those paragraphs previously denied.

59. Answering paragraph 59 of the Complaint, Defendant DENIES the allegations of this paragraph.

60. Answering paragraph 60 of the Complaint, Defendant states that this paragraph contains both conclusions of law which require no response and factual allegations which Defendant is without knowledge, information, or belief sufficient to address, therefore, Defendant DENIES all factual allegations of this paragraph, and does not respond to the conclusions of law of this allegation.

61. Answering paragraph 61 of the Complaint, Defendant states that this paragraph contains both conclusions of law which require no response and factual allegations which Defendant is without knowledge, information, or belief sufficient to address, therefore, Defendant DENIES all factual allegations of this paragraph, and does not respond to the conclusions of law of this allegation.

62. Answering paragraph 62 of the Complaint, the allegations of this paragraph require interpretation of the Policy, which is a matter which calls for a legal conclusion and thus no response is required.

63. Answering paragraph 63 of the Complaint, the allegations of this paragraph require interpretation of the Policy, which is a matter which calls for a legal conclusion and thus no response is required.

64. Answering paragraph 64 of the Complaint, Defendant states that this paragraph consists entirely of conclusions of law which do not require a response.

65. Answering paragraph 65 of the Complaint, Defendant states that this paragraph consists entirely of conclusions of law which do not require a response.

### COUNT III
### (DECLARATORY JUDGMENT – DUTY TO INDEMNIFY FOR DAMAGES)

66. Answering paragraph 66 of the Complaint, Defendant ADMITS those paragraphs previously admitted and DENIES those paragraphs previously denied.

67. Answering paragraph 67 of the Complaint, the allegations of this paragraph

require interpretation of the Policy, which is a matter which calls for a legal conclusion and thus no response is required.

68. Answering paragraph 68 of the Complaint, the allegations of this paragraph require interpretation of the Policy, which is a matter which calls for a legal conclusion and thus no response is required.

69. Answering paragraph 69 of the Complaint, Defendant states that this paragraph contains both conclusions of law which require no response and factual allegations which Defendant is without knowledge, information, or belief sufficient to address, therefore, Defendant DENIES all factual allegations of this paragraph, and does not respond to the conclusions of law of this allegation.

70. Answering paragraph 70 of the Complaint, Defendant states that this paragraph contains both conclusions of law which require no response and factual allegations which Defendant is without knowledge, information, or belief sufficient to address, therefore, Defendant DENIES all factual allegations of this paragraph, and does not respond to the conclusions of law of this allegation.

71. Answering paragraph 71 of the Complaint, Defendant states that this paragraph consists entirely of conclusions of law which do not require a response.

72. Answering paragraph 72 of the Complaint, Defendant states that this paragraph consists entirely of conclusions of law which do not require a response.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE

Defendant has performed any and all duties and obligations it owes Plaintiffs, to the extent they exist, pursuant to applicable law.

. . .

### THIRD AFFIRMATIVE DEFENSE

The term "Damages" does not include punitive or exemplary damages except to the extent that such damages are insurable by law of the jurisdiction most favorable to the insurability of such damages provided such jurisdiction has a substantial relationship to the relevant insureds, to the Company, or to the Claim giving rise to the damages.

To the extent that the Plaintiffs in the Underlying Action seek punitive or exemplary damages, such damages are not recoverable under The Policy except to the extent that they are insurable by law as set forth in The Policy's definition of "Damages".

### FOURTH AFFIRMATIVE DEFENSE

The Complaint and each claim alleged therein are barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint and each claim alleged therein are barred by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs failed to perform their obligations under the Policy, including but not limited to Plaintiffs' duty to cooperate with Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

By their own acts, omissions and conduct, Plaintiffs waived their rights to the relief requested.

### EIGHTH AFFIRMATIVE DEFENSE

The coverage of the policy shall be determined in accordance with the terms, conditions, definitions, limitations, and exclusions contained in the Policy that was in effect at the time of the alleged loss.

### NINTH AFFIRMATIVE DEFENSE

Pursuant to the Exclusions set forth in The Policy the coverage under The Policy does not apply to any fines, penalties or sanctions or the return of, or reimbursement for, fees, costs or expenses charged by any Insured.

## TENTH AFFIRMATIVE DEFENSE

Defendant asserts that the events which are the subject of the underlying action involving the Plaintiffs constitute a single event under the Policy, said event beginning prior to the effective date of the Policy, and thus, are excluded by the provisions of the Policy.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional affirmative defenses available, and therefore reserve their right to assert additional affirmative defenses in the event discovery or further analysis indicates that additional unknown or unstated affirmative defenses would be applicable.

DATED this 20 day of October, 2015.

MORRIS POLICH & PURDY LLP

By: _____
NICHOLAS M. WIECZOREK
Nevada Bar No. 6170
MATTHEW R. CARLYON
Nevada Bar No. 12712
500 South Rancho Drive, Suite 17
Las Vegas, Nevada 89106
*Counsel for Defendant* Chaucer Corporate Capital (No.3) Limited, sued herein as Certain Underwriters at Lloyd's London Subscribing to Policy No. HAH15-0632

**DEMAND FOR JURY TRIAL**

Defendant Chaucer Corporate Capital (No.3) Limited, sued herein as Certain Underwriters at Lloyd's London Subscribing to Policy No. HAH15-0632, by and through its counsel Morris Polich & Purdy LLP, hereby demands trial of this matter by jury.

DATED this _20_ day of October, 2015.

MORRIS POLICH & PURDY LLP

By: _____
NICHOLAS M. WIECZOREK
Nevada Bar No. 6170
MATTHEW R. CARLYON
Nevada Bar No. 12712
500 South Rancho Drive, Suite 17
Las Vegas, Nevada 89106
*Counsel for Defendant* Chaucer Corporate Capital (No.3) Limited, sued herein as Certain Underwriters at Lloyd's London Subscribing to Policy No. HAH15-0632

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of Morris Polich & Purdy LLP, and that on this __20__ day of October, 2015, I served a true and correct copy of the foregoing **ANSWER TO COMPLAINT FOR DECLARATORY RELIEF; DEMAND FOR JURY TRIAL** via electronic means by operation of the Court's electronic filing system, upon each party in this case who is registered as an electronic case filing user with the Clerk.

Deanna L. Johnston, Esq.
The Law Office of Deanna L. Johnston
309 Lake Street
San Francisco, California 94118
Telephone: 415-379-4579
Email: deanna@dljohnstonlaw.com

Craig R. Anderson, Esq.
Marquis Aurbach & Coffing
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: 702-382-0711
Email: canderson@maclaw.com

Co-Counsel to Plaintiffs

_/s/ N. Martinez_
An Employee of MORRIS POLICH & PURDY LLP