NICHOLAS M. WIECZOREK
Nevada Bar No. 6170
MATTHEW R. CARLYON
Nevada Bar No. 12712
**MORRIS POLICH & PURDY LLP**
500 South Rancho Drive, Suite 17
Las Vegas, Nevada  89106
Telephone:   (702) 862-8300
Facsimile:   (702) 862-8400
Email:        NWieczorek@mpplaw.com
             MCarlyon@mpplaw.com
*Counsel for Defendant* Chaucer Corporate
Capital (No.3) Limited, sued herein as Certain
Underwriters at Lloyd's London Subscribing to
Policy No. HAH15-0632

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MY LEFT FOOT CHILDREN'S THERAPY, LLC; JON GOTTLIEB AND ANN MARIE GOTTLIEB, <br><br> Plaintiffs, <br><br> v. <br><br> CERTAIN UNDERWRITER'S AT LLOYD'S LONDON SUBSCRIBING TO POLICY NO. HAH15-0632, <br><br> Defendant. | Case No.          2:15-cv-1746-JAD-NJK <br><br> **AMENDED ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT; DEMAND FOR JURY TRIAL** |

Defendant Chaucer Corporate Capital (No.3) Limited, sued herein as Certain

Underwriters at Lloyd's London Subscribing to Policy No. HAH15-0632 (hereinafter

"Defendant"), by and through its counsel Morris Polich & Purdy LLP, hereby submits its

Answer to Plaintiffs' My Left Foot Children's Therapy, LLC, Jon Gottlieb and Ann Marie

Gottlieb (collectively "Plaintiffs") Complaint for Declaratory Judgment ("Complaint") in the

above-captioned matter.  Defendant affirms, denies and alleges as follows:

## ANSWER

1.       Answering paragraph 1 of the Complaint, Defendant is without knowledge,

information, or belief sufficient to address the allegations, and Defendant therefore DENIES

the allegations.

2.      Answering paragraph 2 of the Complaint, Defendant ADMITS that there is a coverage dispute arising Under Policy No. HAH15-0632, but is without knowledge, information, or belief sufficient to address the remainder of the allegations, and therefore DENIES the remainder of the allegations.

3.      Answering paragraph 3 of the Complaint, Defendant ADMITS that Plaintiff MLF purchased Allied Health Professional Liability Insurance Policy No. HAH15-0632 which, subject to all other policy terms, conditions, exclusions and endorsements, incepted on April 15, 2015 and terminated on April 15, 2016, and affords those limits of liability as set forth in the Declarations to the Allied Health Professional Liability coverage but otherwise denies the allegations set forth in paragraph 3 of the Complaint.

4.      Answering paragraph 4 of the Complaint, Defendant ADMITS that the Policy contains an endorsement titled "Billing Errors Endorsement," and that the coverage afforded thereunder is set forth in the terms, conditions and exclusions in the Endorsement, but otherwise denies the allegations set forth in paragraph 4 of the Complaint.

5.      Answering paragraph 5 of the Complaint, the allegations of this paragraph require interpretation of the Policy, which is a matter which calls for a legal conclusion and thus no response is required.

6.      Answering paragraph 6 of the Complaint, Defendant is without knowledge, information, or belief sufficient to address the allegations, and Defendant therefore DENIES the allegations.

7.      Answering paragraph 7 of the Complaint, Defendant DENIES the allegations set forth except ADMITS that it has advised Plaintiffs, pursuant to a full reservation of rights, that subject to the terms, conditions, and exclusions contained in the Billing Errors Endorsement, they may be indemnified for loss and claim expenses combined  up to the stated limits of $25,000.

8.      Answering paragraph 8 of the Complaint, Defendant states that this paragraph

contains both conclusions of law which require no response and factual allegations which Defendant is without knowledge, information, or belief sufficient to address, therefore, Defendant DENIES all factual allegations of this paragraph, and does not respond to the conclusions of law in this allegation.

9.    Answering paragraph 9 of the Complaint, Defendant is without knowledge, information, or belief sufficient to address the allegations, and Defendant therefore DENIES the allegations.

10.    Answering paragraph 10 of the Complaint, Defendant is without knowledge, information, or belief sufficient to address the allegations, and Defendant therefore DENIES the allegations.

11.    Answering paragraph 11 of the Complaint, Defendant is without knowledge, information, or belief sufficient to address the allegations, and Defendant therefore DENIES the allegations.

12.    Answering paragraph 12 of the Complaint, Defendant DENIES the allegations contained therein except admits that Policy HAH15-0632 is subscribed only by Lloyd's syndicate #1084, that Chaucer Corporate Capital (No.3) Limited is the sole member of the syndicate, and that such member is organized under the laws of England, with its principal place of business in London, England.

13.    Answering paragraph 13 of the Complaint, Defendant DENIES that the amount in controversy exceeds the sum of $75,000.00.

14.    Answering paragraph 14 of the Complaint, Defendant ADMITS the allegations contained therein to the extent venue is premised on 28 U.S.C. Section 1391(b).

15.    Answering paragraph 15 of the Complaint, Defendant ADMITS that the quotation from the Policy is accurate.

## FACTUAL ALLEGATIONS

### A.    THE INSURANCE POLICY

16.    Answering paragraph 16 of the Complaint, Defendant denies the allegations

contained therein except ADMITS that the Policy was issued to MLF and that Exhibit 1 is a true and correct copy of the Policy.

17.     Answering paragraph 17 of the Complaint, the allegations of this paragraph require interpretation of the Policy, which is a matter which calls for a legal conclusion and thus no response is required.

18.     Answering paragraph 18 of the Complaint, the allegations of this paragraph require interpretation of the Policy, which is a matter which calls for a legal conclusion and thus no response is required.

19.     Answering paragraph 19 of the Complaint, Defendant ADMITS the named insured is My Left Foot Children's Therapy, LLC.  The remainder of the allegations in this paragraph require interpretation of the Policy, which is a matter which calls for a legal conclusion and thus no response is required.

20.     Answering paragraph 20 of the Complaint, Defendant is without current knowledge, information, or belief sufficient to address the allegations, and Defendant therefore DENIES the allegations.

### 1.  The Insuring Agreement - Coverage

21.     Answering paragraph 21 of the Complaint, Defendant ADMITS the quotation from section I.A. of the Policy's Insuring Agreement is accurate, however, Defendant states that the term "coverage" requires interpretation of the Policy, which is a matter which calls for a legal conclusion and thus no response is required.

22.     Answering paragraph 22 of the Complaint, Defendant ADMITS the accuracy of the text quoted from of the Policy.

23.     Answering paragraph 23 of the Complaint, Defendant ADMITS the accuracy of the text quoted from the Policy.  Defendant is without knowledge, information, or belief sufficient to address the allegations, and Defendant therefore DENIES the allegations.

24.     Answering paragraph 24 of the Complaint, the allegations of this paragraph require interpretation of the Policy, which is a matter which calls for a legal conclusion and

thus no response is required.

25. Answering paragraph 25 of the Complaint, Defendant ADMITS the accuracy of the text quoted from the Policy.

26. Answering paragraph 26 of the Complaint, Defendant ADMITS the accuracy of the text quoted from the Policy.

27. Answering paragraph 27 of the Complaint, Defendant DENIES that endorsement 14 is accurately quoted in the allegation.

28. Answering paragraph 28 of the Complaint, the allegations of this paragraph require interpretation of the Policy, which is a matter which calls for a legal conclusion and thus no response is required.

**2.  The Insuring Agreement - Coverage**

29. Answering paragraph 29 of the Complaint, Defendant ADMITS the accuracy of the text quoted from the Policy.

30. Answering paragraph 30 of the Complaint, the allegations of this paragraph require interpretation of the Policy, which is a matter which calls for a legal conclusion and thus no response is required.

**3.  The Insuring Agreement - Coverage**

31. Answering paragraph 31 of the Complaint, Defendant ADMITS the accuracy of the text quoted from the Policy, however, Defendant DENIES the allegation that the quoted text is the only relevant text.

32. Answering paragraph 32 of the Complaint, Defendant ADMITS the accuracy of the text quoted from the Policy.  However, Defendant DENIES the allegation that the quoted text is the only relevant text.

33. Answering paragraph 33 of the Complaint, Defendant ADMITS the accuracy of the text quoted from the Policy.

34. Answering paragraph 34 of the Complaint, Defendant DENIES that it has an obligation to defend the Plaintiffs in any Billing Errors Proceeding but ADMITS that subject

to all of the other terms, conditions and exclusions set forth in the Billing Errors Endorsement, the Endorsement contains an obligation to indemnify Plaintiffs for Claims Expenses incurred up to the $25,000 limit of liability.

### The Underlying Action

35.     Answering paragraph 35 of the Complaint, Defendant is not a party to the referenced lawsuit and thus lacks sufficient knowledge, information, or belief sufficient to address the allegations, or the authenticity of Exhibit 2.  Defendant therefore DENIES the allegations.

36.     Answering paragraph 36 of the Complaint, Defendant is without knowledge, information, or belief sufficient to address the allegations, and Defendant therefore DENIES the allegations.

37.     Answering paragraph 37 of the Complaint, Defendant is without knowledge, information, or belief sufficient to address the allegations, and Defendant therefore DENIES the allegations.

### Defendant's Refusal to Extend Coverage up to the Limit of Liability

38.     Answering paragraph 38 of the Complaint, the allegations of this paragraph require interpretation of the Policy to the issue of timely notice, which is a matter which calls for a legal conclusion and thus no response is required.  Defendant ADMITS it was placed on notice of the Underlying Action.

39.     Answering paragraph 39 of the Complaint, Defendant DENIES the allegations.

40.     Answering paragraph 40 of the Complaint, Defendant DENIES the allegations.

41.     Answering paragraph 41 of the Complaint, Defendant ADMITS the allegations.

42.     Answering paragraph 42 of the Complaint, Defendant ADMITS that it has denied coverage under the Allied Health Professional Liability coverage in the Policy, and that it has denied that the Claims Expenses Endorsement is applicable to the coverage afforded under the Billing Errors Endorsement but otherwise DENIES the remainder of the

1    allegations of the paragraph.

2        43.     Answering paragraph 43 of the Complaint, Defendant DENIES that it has an

3   obligation to defend the Plaintiffs in any Billing Errors Proceeding but ADMITS that subject

4   to all of the other terms, conditions and exclusions set forth in the Billing Errors Endorsement,

5   the Endorsement contains an obligation to indemnify Plaintiffs for Claims Expenses incurred

6   up to the $25,000 limit of liability.

7        44.     Answering paragraph 44 of the Complaint, Defendant is without knowledge,

8   information, or belief sufficient to address the allegations, and Defendant therefore DENIES

9   the allegations.

10       45.     Answering paragraph 45 of the Complaint, Defendant states that this paragraph

11   consists entirely of conclusions of law which do not require a response.

12       46.     Answering paragraph 46 of the Complaint, Defendant states that this paragraph

13   consists entirely of conclusions of law which do not require a response.

14       47.     Answering paragraph 47 of the Complaint, Defendant states that this paragraph

15   consists entirely of conclusions of law which do not require a response.

16                             **COUNT 1**

17      **(DECLARATORY JUDGMENT – DUTY TO INDEMNITY FOR CLAIMS**

18                           **EXPENSES)**

19       48.     Answering paragraph 48 of the Complaint, Defendant ADMITS those

20   paragraphs previously admitted and DENIES those paragraphs previously denied.

21       49.     Answering paragraph 49 of the Complaint, Defendant DENIES the allegations

22   of this paragraph.

23       50.     Answering paragraph 50 of the Complaint, the allegations of this paragraph

24   require interpretation of the Policy, which is a matter which calls for a legal conclusion and

25   thus no response is required.

26       51.     Answering paragraph 51 of the Complaint, the allegations of this paragraph

27   require interpretation of the Policy, which is a matter which calls for a legal conclusion and

28

1 | thus no response is required.

2 |     52.    Answering paragraph 52 of the Complaint, Defendant states that this paragraph

3 | contains both conclusions of law which require no response and factual allegations which

4 | Defendant is without knowledge, information, or belief sufficient to address, therefore,

5 | Defendant DENIES all factual allegations of this paragraph, and does not respond to the

6 | conclusions of law of this allegation.

7 |     53.    Answering paragraph 53 of the Complaint, Defendant states that this paragraph

8 | contains both conclusions of law which require no response and factual allegations which

9 | Defendant is without knowledge, information, or belief sufficient to address, therefore,

10 | Defendant DENIES all factual allegations of this paragraph, and does not respond to the

11 | conclusions of law of this allegation.

12 |     54.    Answering paragraph 54 of the Complaint, Defendant is without knowledge,

13 | information, or belief sufficient to address the allegations, and Defendant therefore DENIES

14 | the allegations.

15 |     55.    Answering paragraph 55 of the Complaint, Defendant states that this paragraph

16 | contains both conclusions of law which require no response and factual allegations which

17 | Defendant is without knowledge, information, or belief sufficient to address, therefore,

18 | Defendant DENIES all factual allegations of this paragraph, and does not respond to the

19 | conclusions of law of this allegation.

20 |     56.    Answering paragraph 56 of the Complaint, Defendant states that this paragraph

21 | consists entirely of conclusions of law which do not require a response.

22 |     57.    Answering paragraph 57 of the Complaint, Defendant states that this paragraph

23 | consists entirely of conclusions of law which do not require a response.

24 | **COUNT II**

25 | **(DECLARATORY JUDGMENT – DUTY TO DEFEND)**

26 |     58.    Answering paragraph 58 of the Complaint, Defendant ADMITS those

27 | paragraphs previously admitted and DENIES those paragraphs previously denied.

28 |

59. Answering paragraph 59 of the Complaint, Defendant DENIES the allegations of this paragraph.

60. Answering paragraph 60 of the Complaint, Defendant states that this paragraph contains both conclusions of law which require no response and factual allegations which Defendant is without knowledge, information, or belief sufficient to address, therefore, Defendant DENIES all factual allegations of this paragraph, and does not respond to the conclusions of law of this allegation.

61. Answering paragraph 61 of the Complaint, Defendant states that this paragraph contains both conclusions of law which require no response and factual allegations which Defendant is without knowledge, information, or belief sufficient to address, therefore, Defendant DENIES all factual allegations of this paragraph, and does not respond to the conclusions of law of this allegation.

62. Answering paragraph 62 of the Complaint, the allegations of this paragraph require interpretation of the Policy, which is a matter which calls for a legal conclusion and thus no response is required.

63. Answering paragraph 63 of the Complaint, the allegations of this paragraph require interpretation of the Policy, which is a matter which calls for a legal conclusion and thus no response is required.

64. Answering paragraph 64 of the Complaint, Defendant states that this paragraph consists entirely of conclusions of law which do not require a response.

65. Answering paragraph 65 of the Complaint, Defendant states that this paragraph consists entirely of conclusions of law which do not require a response.

**COUNT III**

**(DECLARATORY JUDGMENT – DUTY TO INDEMNIFY FOR DAMAGES)**

66. Answering paragraph 66 of the Complaint, Defendant ADMITS those paragraphs previously admitted and DENIES those paragraphs previously denied.

67. Answering paragraph 67 of the Complaint, the allegations of this paragraph

1  require interpretation of the Policy, which is a matter which calls for a legal conclusion and
2  thus no response is required.
3       68.    Answering paragraph 68 of the Complaint, the allegations of this paragraph
4  require interpretation of the Policy, which is a matter which calls for a legal conclusion and
5  thus no response is required.
6       69.    Answering paragraph 69 of the Complaint, Defendant states that this paragraph
7  contains both conclusions of law which require no response and factual allegations which
8  Defendant is without knowledge, information, or belief sufficient to address, therefore,
9  Defendant DENIES all factual allegations of this paragraph, and does not respond to the
10  conclusions of law of this allegation.
11       70.    Answering paragraph 70 of the Complaint, Defendant states that this paragraph
12  contains both conclusions of law which require no response and factual allegations which
13  Defendant is without knowledge, information, or belief sufficient to address, therefore,
14  Defendant DENIES all factual allegations of this paragraph, and does not respond to the
15  conclusions of law of this allegation.
16       71.    Answering paragraph 71 of the Complaint, Defendant states that this paragraph
17  consists entirely of conclusions of law which do not require a response.
18       72.    Answering paragraph 72 of the Complaint, Defendant states that this paragraph
19  consists entirely of conclusions of law which do not require a response.

20  **AFFIRMATIVE DEFENSES**

21  **FIRST AFFIRMATIVE DEFENSE**

22       The Complaint fails to state facts sufficient to constitute a claim upon which relief can
23  be granted against Defendant.

24  **SECOND AFFIRMATIVE DEFENSE**

25       Defendant has performed any and all duties and obligations it owes Plaintiffs, to the
26  extent they exist, pursuant to applicable law.
27  . . .
28

1

### THIRD AFFIRMATIVE DEFENSE

2      The Allied Health Professional Liability Insurance provided under Policy #HAH15-

3  0632 ("The Policy") applies only with respect to claims that are first made against the Insured

4  during the Policy Period, April 15, 2015 to April 15, 2016.

5      In the event that the claims asserted against the Insureds in the Underlying Action

6  were first made against the Insureds prior to April 15, 2015, such claims are not covered

7  under The Policy.

8

### FOURTH AFFIRMATIVE DEFENSE

9      The Allied Health Professional Liability Insurance provided under The Policy applies

10  only to those claims reported pursuant to the terms and conditions of The Policy arising out of

11  Professional Services described therein and performed subsequent to The Policy's Retroactive

12  Date of April 15, 2014.

13      To the extent any of the claims asserted against the Insureds in the Underlying Action

14  arise out of Professional Services performed prior to April 15, 2014, such claims are not

15  covered under The Policy.

16

### FIFTH AFFIRMATIVE DEFENSE

17      The Allied Health Professional Liability Insurance provided under The Policy applies

18  only to sums the Insured becomes legally obligated to pay as Damages and Claims Expenses

19  which the Insured shall become legally obligated to pay because of any claim or claims

20  arising out of any "Act" as defined therein, and not excluded or limited by the terms,

21  conditions and exclusions of The Policy.

22      An "Act" is defined as any act, error or omission in the rendering of, or failure to

23  render "Professional Services", as set forth in Item 8 of the Declarations, to others by any

24  Insured person.  "Professional Services" means those services performed by an Insured in the

25  practice of its profession, which is described in the Policy Declarations as "Pediatric Physical,

26  Occupational, Aquatic and Speech Therapy Services".

27

28

Amended Answer to Complaint for Declaratory Judgment; Demand for Jury Trial
Case No.  2:15-cv-01746-JAD-NJK

The Claims asserted against the Insureds in the Underlying Action arise from the Insureds' alleged fraudulent billing practices and not from any alleged act, error or omission in the rendering of, or failure to render Professional Services. Therefore, such claims are not covered under The Policy's Allied Health Professional Insurance.

## SIXTH AFFIRMATIVE DEFENSE

The term "Damages" does not include punitive or exemplary damages except to the extent that such damages are insurable by law of the jurisdiction most favorable to the insurability of such damages provided such jurisdiction has a substantial relationship to the relevant insureds, to the Company, or to the Claim giving rise to the damages.

To the extent that the Plaintiffs in the Underlying Action seek punitive or exemplary damages, such damages are not recoverable under The Policy except to the extent that they are insurable by law as set forth in The Policy's definition of "Damages".

## SEVENTH AFFIRMATIVE DEFENSE

The Defendant's duty to defend any claim or suit against the Insured under the Allied Health Professional Liability Insurance applies only to Claims or Suits arising out of a Professional Liability Act.

The Underlying Action does not assert claims against the Insured arising out of a Professional Liability Act. The Defendant has no obligation to defend the Insureds in the Underlying Action.

## EIGHTH AFFIRMATIVE DEFENSE

Under the Allied Health Professional Insurance in The Policy, the Defendant's obligation, if any, to pay damages on behalf of the Insureds, or to indemnify the Insureds with respect to damages incurred in connection with the Underlying Action, is limited to the amount of $2,000,000 for amounts in excess of the Insureds' deductible.

## NINTH AFFIRMATIVE DEFENSE

The coverage of the policy shall be determined in accordance with the terms, conditions, definitions, limitations, and exclusions contained in the Policy that were in effect

at the time of the alleged loss.

## TENTH AFFIRMATIVE DEFENSE

Under the Allied Health Professional Insurance in The Policy, the Defendant's obligation, if any, to pay Claims Expenses on behalf of the Insureds, or indemnify the Insured with respect to Claims Expenses incurred in connection with the Underlying Action, is limited to the amount of $2,000,000 for amounts in excess of the Insureds' deductible.

## ELEVENTH AFFIRMATIVE DEFENSE

Pursuant to the Exclusions set forth in The Policy with respect to Allied Health Professional Insurance, the coverage under The Policy does not apply to Damages or Claims Expenses with respect to any Claim or Suit arising out of, based upon, relating to or involving any criminal, dishonest, fraudulent or malicious error or omission of any Insured including a willful violation of any statute or ordinance, committed with actual, criminal act, dishonest, fraudulent or malicious purpose or intent.

## TWELFTH AFFIRMATIVE DEFENSE

Pursuant to the Exclusions set forth in The Policy with respect to Allied Health Professional Insurance, the coverage under The Policy does not apply to Damages or Claims Expenses with respect to any Claim or Suit arising out of, based upon, relating to or involving any errors or omissions that took place prior to April 15, 2015 if any Insured, on such date, knew or could have reasonably foreseen that such errors or omissions might be expected to be the basis of a Claim.

## THIRTEENTH AFFIRMATIVE DEFENSE

Pursuant to the Exclusions set forth in The Policy the coverage under The Policy does not apply to any fines, penalties or sanctions or the return of, or reimbursement for, fees, costs or expenses charged by any Insured.

## FOURTEENTH AFFIRMATIVE DEFENSE

Pursuant to the Exclusions set forth in The Policy with respect to Allied Health Professional Liability, the coverage under The Policy does not apply to Damages or Claims

1    Expenses with respect to any Claim or Suit arising out of, based upon, relating to or involving

2    alteration, modification or destruction of medical records, in whole or in part, or directed to be

3    altered or destroyed in whole or in part.

4                          **FIFTEENTH AFFIRMATIVE DEFENSE**

5           Pursuant to the terms, conditions and exclusions set forth in Endorsement 10 to The

6    Policy, "Billing Errors Endorsements", Defendant's obligation, if any, to indemnify the

7    Insureds for loss in excess of the stated $2,500 deductible which the Insured is obligated to

8    pay and Claims Expenses which the Insured incurs is subject to and limited to the sub-limit of

9    liability of $25,000 per occurrence and $25,000 in the aggregate.

10          The coverage afforded under the Billing Errors Endorsement is limited to "Loss" and

11   Claims Expenses incurred in any "Billing Error Proceeding" made against an Insured during

12   the Endorsement period April 15, 2015 to April 15, 2016 and is subject to the definitions of

13   those terms contained in the Billing Errors Endorsement.

14          The coverage afforded under the Billing Errors Endorsement does not obligate

15   Defendant to defend the Insureds in any "Billing Errors Proceeding".

16          The coverage afforded under the Billing Errors Endorsement does not apply to any

17   over payments an Insured is required to return or refund to a Qui Tam Plaintiff.

18                          **SIXTEENTH AFFIRMATIVE DEFENSE**

19          The Exclusions set forth in the Billing Errors Endorsement bar coverage for any loss

20   or Claims Expenses for a Billing Proceeding involving the return, disgorgement or restitution

21   of fees; profits, charges or benefit payments to any governmental health benefit pay or

22   program.

23          The Exclusions set forth in the Billing Errors Endorsement bar coverage for any Loss

24   or Claims Expenses for a Billing Procedure involving any punitive and exemplary damages,

25   taxes, criminal minds as penalties.

26                          **SEVENTEENTH AFFIRMATIVE DEFENSE**

27          The Complaint and each claim alleged therein are barred by the doctrine of laches.

28

1

**EIGHTEENTH AFFIRMATIVE DEFENSE**

2      The Complaint and each claim alleged therein are barred by the doctrine of unclean

3   hands.

4

**NINTEENTH AFFIRMATIVE DEFENSE**

5      Plaintiffs failed to perform their obligations under the Policy, including but not limited

6   to Plaintiffs' duty to cooperate with Defendant.

7

**TWENTIETH AFFIRMATIVE DEFENSE**

8      By their own acts, omissions and conduct, Plaintiffs waived their rights to the relief

9   requested.

10

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

11      Defendant presently has insufficient knowledge or information on which to form a

12   belief as to whether it may have additional affirmative defenses available, and therefore

13   reserve their right to assert additional affirmative defenses in the event discovery or further

14   analysis indicates that additional unknown or unstated affirmative defenses would be

15   applicable.

16      DATED this _29_ day of October, 2015.

17                                  MORRIS POLICH & PURDY LLP

18

19                                  By: _____
                                        NICHOLAS M. WIECZOREK
20                                      Nevada Bar No. 6170
                                        MATTHEW R. CARLYON
21                                      Nevada Bar No. 12712
                                        500 South Rancho Drive, Suite 17
22                                      Las Vegas, Nevada  89106
                                        *Counsel for Defendant* Chaucer Corporate
23                                      Capital (No.3) Limited, sued herein as
                                        Certain Underwriters at Lloyd's London
24                                      Subscribing to Policy No. HAH15-0632

25

26

27

28

1

## DEMAND FOR JURY TRIAL

2          Defendant Chaucer Corporate Capital (No.3) Limited, sued herein as Certain

3    Underwriters at Lloyd's London Subscribing to Policy No. HAH15-0632, by and through its

4    counsel Morris Polich & Purdy LLP, hereby demands trial of this matter by jury.

5          DATED this _____ day of October, 2015.

6                                          MORRIS POLICH & PURDY LLP

7

8                                          By:_____

9                                              NICHOLAS M. WIECZOREK
                                               Nevada Bar No. 6170
10                                             MATTHEW R. CARLYON
                                               Nevada Bar No. 12712
11                                             500 South Rancho Drive, Suite 17
                                               Las Vegas, Nevada  89106
12                                             *Counsel for Defendant* Chaucer Corporate
                                               Capital (No.3) Limited, sued herein as
13                                             Certain Underwriters at Lloyd's London
                                               Subscribing to Policy No. HAH15-0632
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Amended Answer to Complaint for Declaratory Judgment; Demand for Jury Trial
Case No.  2:15-cv-01746-JAD-NJK

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of Morris Polich & Purdy LLP, a nd that on this ___29___ day of October, 2015, I served a true and correct copy of the foregoing **AMENDED ANSWER TO COMPLAINT FOR DECLARATORY RELIEF; DEMAND FOR JURY TRIAL** via electronic means by operation of the Court's electronic filing system, upon each party in this case who is registered as an electronic case filing user with the Clerk.

Deanna L. Johnston, Esq.
The Law Office of Deanna L. Johnston
309 Lake Street
San Francisco, California  94118
Telephone:   415-379-4579
Email:         deanna@dljohnstonlaw.com

Craig R. Anderson, Esq.
Marquis Aurbach & Coffing
10001 Park Run Drive
Las Vegas, Nevada  89145
Telephone:   702-382-0711
Email:         canderson@maclaw.com

Co-Counsel to Plaintiffs

_L. Woodruff_

_____
An Employee of MORRIS POLICH & PURDY LLP