Nicholas M. Wieczorek
Nevada State Bar No. 6170
CLARK HILL PLLC
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 862-8300
nwieczorek@clarkhill.com

Barry A. Chasnoff
Texas State Bar No. 04153500 (admitted *pro hac vice*)
Blake W. Stribling
Texas State Bar No. 24070691 (admitted *pro hac vice*)
Adam Kiehne
Texas State Bar No. 24054926 (admitted *pro hac vice*)
CHASNOFF MUNGIA VALKENAAR PEPPING & STRIBLING, LLP
1020 NE Loop 410, Suite 150
San Antonio, Texas 78209
Telephone: (210) 469-4155
bchasnoff@chasnoffstribling.com
bstribling@chasnoffstribling.com
akiehne@chasnoffstribling.com

*Attorneys for Certain Underwriters at
Lloyd's London Subscribing to Policy No. HAH15-0632*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MY LEFT FOOT CHILDREN'S THERAPY, LLC; JON GOTTLIEB AND ANN MARIE GOTTLIEB,<br><br>    Plaintiffs<br><br>    v.<br><br>CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NO. HAH15-0632,<br><br>    Defendant. | Case No. 2:15-cv-01746-MMD-VCF<br><br><br>**STIPULATED<br>HIPAA QUALIFIED<br>PROTECTIVE ORDER** |

In order to protect the confidentiality of protected health information obtained by the parties in connection with this case, the parties hereby agree as follows:

**A. CONFIDENTIAL MATERIAL AND INFORMATION SUBJECT TO THIS PROTECTIVE ORDER.**

1. Any party or non-party shall be entitled to designate as "HIPAA/Confidential" (as set forth below) any document or discovery response which that party or non-party considers in good faith to contain patient information that is protected under federal or Nevada state law, including but not limited to patient names, social security numbers, and "protected health information" as defined by the Health Insurance Portability and Accountability Act and Health Information Technology for Economic and Clinical Health Act and their implementing regulations (altogether, "HIPAA"), 45 C.F.R. § 160.103.

**B. CONDITIONS FOR RELEASE OF CONFIDENTIAL DOCUMENTS.**

2. Any party or third-party may designate discovery responses, documents produced in discovery, or deposition transcripts as confidential under this Order by stamping them as "HIPAA/Confidential" on their face, by watermarking them, or by other mutually agreeable means. If a party does not indicate that a particular document is confidential at the time it is produced, it will be presumed not confidential, without prejudice to the party's right to assert confidentiality at a later time. Notwithstanding the foregoing, the parties acknowledge and agree that any patient record (including, but not limited to, any clinical record or payment record) that contains protected health information shall be deemed "HIPAA/Confidential" information, without regard to whether such materials are stamped, watermarked, or otherwise designated.

3. All "HIPAA/Confidential" documents or information produced or exchanged in the course of this case shall be accessed, viewed, or used by the party or parties to whom the information is produced solely for the purpose of this case, including appeals. Such documents and information shall not be accessed, viewed, or used by the party or parties to whom it is produced for any purpose unrelated to this case, including other litigation. Without limiting the foregoing, and solely by way of example, if an employee of a recipient of this information who has no role to play in this case views "HIPAA/Confidential" documents or information received

by the recipient pursuant to this Order, the recipient would be in violation of this Order.

4. The parties are prohibited from disclosing any "HIPAA/Confidential" documents or information, except as described in Paragraph 5 below.

5. Unless the Court orders otherwise, "HIPAA/Confidential" documents and information may be disclosed only to the extent necessary for purpose of this case and only to the following persons, to the extent they are playing a role relevant to this case:

    a. counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

    b. employees of such counsel;

    c. Plaintiffs and Defendants, as well as any officer or employee of a party to the extent reasonably deemed necessary by counsel for the prosecution or defense of this litigation provided that each such person shall execute a copy of the Certification annexed to this Order as **Exhibit A** (which shall be retained by counsel);[1]

    d. consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order as **Exhibit A** (which shall be retained by counsel);

    e. non-attorney support personnel retained by a party or a party's counsel to assist in the case, such as outside data entry, photocopying or image scanning services, computer database creation services, document production services, and the like, provided that each such person shall execute a copy of the Certification annexed to this Order as **Exhibit A** (which shall be retained by counsel);

    f. any authors of "HIPAA/Confidential" documents or information;

    g. the Court, Court personnel, and court reporters and court reporting services employed in connection with this case;

    h. witnesses who are referenced in the "HIPAA/Confidential" documents or information and/or who provided treatment to the patients referenced in the "HIPAA/Confidential" documents or information—provided that (1) such "HIPAA/Confidential" documents or information shall be provided to the witnesses solely for the purpose of taking such witnesses' deposition, (2) such witnesses shall not be allowed to retain copies of any shown "HIPAA/Confidential" documents or information shown to them, and (3) each such person shall execute a copy of the Certification annexed to this Order as

---

[1] To the extent disclosure of "HIPAA/Confidential" documents or information may be made to employees, officers, directors, or other representatives of a party's direct or indirect parent corporations, then any such individual shall execute a copy of the Certification annexed to this Order as Exhibit A (which shall be retained by counsel) prior to disclosure.

**Exhibit A** (which shall be retained by counsel); and

    i. any other person only upon order of the Court or upon stipulation of the Parties.

6. Notwithstanding the foregoing, protected health information may be disclosed to the person who is the subject of the protected health information to the extent such disclosure is required by applicable law. With the exception of disclosure pursuant to ¶ 5(f)-(i) above, each person to whom the parties' counsel discloses "HIPAA/Confidential" documents or information received pursuant to this Order shall, prior to the time of disclosure, be provided with a written notice. The notice shall specify that the documents and information shall not be disclosed except as provided herein, that the documents and information are subject to this Order in the United States District Court for the District of Nevada, and that a violation of the confidentiality provisions may lead to enforcement action, including, but not limited to, any proceeding for civil contempt.

7. Plaintiffs' and Defendants' counsel (including their support personnel) shall not make copies of "HIPAA/Confidential" documents or information in any form or medium (electronic or hard-copy), or provide originals to anybody, except as necessary for purposes of this litigation, including appeals. To the extent that counsel for Plaintiffs or Defendants provides access to "HIPAA/Confidential" documents or information to any individual or entity, the disclosing counsel shall be responsible for ensuring that such individuals or entities comply with this Order.

8. Promptly upon the conclusion of this litigation, including appeals, all "HIPAA/Confidential" documents or information, including all copies, notes, or other transcriptions made therefrom, in any form or medium (including both electronic and hard-copy), shall be securely destroyed by the recipient or securely returned by the recipient to the producing party. Such destruction shall conform to all relevant regulatory and generally accepted industry standards and shall be completed at the cost of the recipient. This paragraph obligates the parties only as to "HIPAA/Confidential" documents and information in their respective possession,

custody, or control.

9.  All documents containing "HIPAA/Confidential" information that has not been de-identified to the standards set forth in HIPAA at 45 C.F.R. § 164.514(a)-(c) and that are filed with the Court shall be filed with a request to seal documents in accordance with District of Nevada Local Rule 10-5.  Upon failure of the filing party to file documents containing such information under seal in accordance with Local Rule 10-5, any party may request that the Court place the document under seal.

10. Nothing in this Order is intended to prevent authorized government officials, from having access to "HIPAA/Confidential" documents to which they would have access in the normal course of their official duties, to the extent such access is permissible under applicable law.

11. A party may designate as "HIPAA/Confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials.  Notwithstanding the foregoing, the parties acknowledge and agree that any patient record (including, but not limited to, any clinical record or payment record) that contains protected health information shall be deemed "HIPAA/Confidential" information, without regard to whether such materials are stamped, watermarked, or otherwise designated.

12. If a party contends that any document or information is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material.  The party or non-party who designated the material shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as "HIPAA/Confidential."

13. Each party shall implement and maintain reasonable and appropriate administrative, physical, and technical safeguards to enable compliance with this Order.  Such safeguards shall include, but not be limited to, access controls, audit trails, firewalls, and encryption of protected health information in transit and at rest.  Each party shall maintain

written policies and procedures governing the implementation of these safeguards. Each party receiving "HIPAA/Confidential" documents or information pursuant to this Order shall have conducted commercially reasonable privacy and data security audits and penetration tests at reasonable intervals on all relevant information technology systems (and have addressed all material privacy or data security issues raised in any such audits or penetration tests).

14. Each party shall comply with all applicable laws with regard to maintaining the privacy and security of "HIPAA/Confidential" documents and information and notifying affected individuals of any breaches of such information.

15. This Order shall be binding on the parties as of the date it is signed by the parties. The provisions of this Order shall remain in full force and effect until further order of this Court.

16. Even after the final disposition of this case (including appeals), a party or any other person with standing concerning the subject matter (including without limitation any individual who is the subject of "HIPAA/Confidential Information" or their personal representative) may file a motion to seek leave to reopen the case for the limited purpose of enforcing or modifying the provisions of this Order. The Parties agree that in the event of a breach of this Order, damages will likely be an insufficient remedy and that in the event of a breach or an anticipated breach of this Order, a court may enter an injunction to remedy the breach or anticipated breach of this Order. The parties agree that any such dispute related to or arising out of this Order shall be under the exclusive jurisdiction of the United States federal courts and governed by the laws of the United States. The parties agree that before "HIPAA/Confidential" documents or information may be disclosed to employees, officers, directors, or other representatives of a party's direct or indirect parent, the party disclosing the information will obtain from the parent an agreement that the parent entity *itself* agrees that any dispute arising out of this Order shall be under the exclusive jurisdiction of the United States federal courts and governed by the laws of the United States. This will be accomplished in the following manner:

5
Stipulated HIPAA Qualified Protective Order
Case No.: 2:15-cv-01746

    a. At least thirty (30) days before a party discloses any "HIPAA/Confidential" documents or information to the employees, officers, directors, or other representatives of a party's direct or indirect parent, the party disclosing the information shall notify the other party of its intent to so disclose the "HIPAA/Confidential" information or documents to the employees, officers, directors, or other representatives of a party's direct or indirect parent;

    b. At least ten (10) days before a party discloses any "HIPAA/Confidential" documents or information to the employees, officers, directors, or other representatives of a party's direct or indirect parent, the parent entity or indirect parent entity receiving the "HIPAA/Confidential" information must agree to be subject to the Terms of this Order by executing Exhibit A to this Order, a copy of which must be given to the other party at least ten (10) days before the party discloses any "HIPAA/Confidential" documents or information;

    c. After receiving notice of a party's intent to disclose any "HIPAA/Confidential" documents or information to the employees, officers, directors, or other representatives of a party's direct or indirect parent as described in paragraph 16(a), the other party may object to this disclosure by filing a motion in a United States federal court seeking an injunction preventing the disclosure;

    d. If a party fails to provide the parent or indirect parent's consent to this Order as described in paragraph 16(b), the other party may object to this disclosure by filing a motion in a United States federal court seeking damages and/or an injunction preventing the disclosure;

    e. The parties agree that one purpose of this paragraph is to ensure that before any foreign nonparty entities are provided "HIPAA/Confidential" documents, such foreign nonparty entities have agreed that the jurisdiction and laws of the United States apply in handling "HIPAA/Confidential" information.

17. Any party receiving "HIPAA/Confidential" information pursuant to this Order shall indemnify, defend, and hold harmless the party disclosing "HIPAA/Confidential" information against all claims, demands, suits, liabilities, costs, expenses (including attorneys' fees, breach notification costs, breach investigation costs, and breach remediation costs), damages, and losses suffered or incurred by the disclosing party arising out of (i) the receiving party's breach of this Order or (ii) the receiving party's violation of any applicable privacy, information security, or breach notification law with respect to the "HIPAA/Confidential" information. The party receiving "HIPAA/Confidential" information shall bear its own costs in the event that the privacy, security, or confidentiality of any "HIPAA/Confidential" information

it received from another party pursuant to this Order is breached.  For purposes of this paragraph, "receiving party" shall be deemed to include the receiving party and its agents, employees, contractors, representatives, and officers.

### C. HANDLING OF CONFIDENTIAL DOCUMENTS AT TRIAL.

18. To the extent any party seeks to use documents containing any "HIPAA/Confidential" information as exhibits at trial, the parties shall redact the documents to contain the minimum amount of protected health information needed to achieve the intended purpose and shall meet and confer in an attempt to obtain agreement regarding the handling of such materials during trial, and either party may petition the Court for a resolution of this matter pursuant to the scheduling order or any other Court order then in effect.  Neither party shall be permitted to use documents containing "HIPAA/Confidential" information as exhibits at trial if versions of such documents that have been redacted to the extent that would satisfy the de-identification standard set forth in 45 C.F.R. § 164.514(a)-(c) would reasonably suffice for the intended purpose.

DATED this 12th day of April, 2021.

| | |
|---|---|
| CHASNOFF MUNGIA VALKENAAR PEPPING & STRIBLING, LLP | AKIN GUMP STRAUSS HAUER & FELD, LLP |
| By: */s/ Barry A. Chasnoff*<br>   Barry A. Chasnoff<br>   1020 NE Loop 410, Suite 150<br>   San Antonio, Texas 78209<br>   Telephone: (210) 469-4155<br>   bchasnoff@chasnoffstribling.com | By: */s/ Shawn Hanson*<br>   Shawn Hanson<br>   580 California Street, Suite 1500<br>   San Francisco, CA 94104<br>   Telephone: (415) 765-9500<br>   shanson@akingump.com |
| CLARK HILL PLLC<br>Nicholas M. Wieczorek<br>3800 Howard Hughes Parkway, Suite 500<br>Las Vegas, Nevada 89169<br>Telephone: (702) 862-8300<br>nwieczorek@clarkhill.com | MARQUIS AURBACH COFFING<br>Craig R. Anderson<br>10001 Park Run Drive<br>Las Vegas, NV 89145<br>Telephone: (702) 382-0711<br>canderson@maclaw.com |
| *Attorneys for Certain Underwriters at Lloyd's London Subscribing to Policy No. HAH15-0632* | *Counsel for Plaintiffs My Left Foot Children's Therapy, LLC, Jon Gottlieb, and Ann Marie Gottlieb* |

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 4-13-2021

# EXHIBIT A

## CERTIFICATION

I hereby certify my understanding that HIPAA/Confidential information is being provided to me pursuant to the terms and restrictions of the Stipulated HIPAA Qualified Protective Order dated _____, 2021 in *My Left Foot Children's Therapy, LLC et al v. Certain Underwriter's at Lloyd's London Subscribing to Policy No. 6032*, United States District Court Case No. 2:15-cv-01746.  I have been given a copy of the Order and have read it.  I agree to be bound by the Order.  I will not reveal the HIPAA/Confidential information to anyone, except as allowed by the Order.  I will maintain all such HIPAA/Confidential information – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it or unauthorized disclosure.  I will not use the HIPAA/Confidential information for any purpose unrelated to the purpose for which it was provided to me.  No later than thirty (30) days after the conclusion of this action, I will securely return the HIPAA/Confidential information – including copies, notes or other transcriptions made therefrom – to the counsel who provided me with them; or, in the alternative, I will securely destroy them, as may be directed by said counsel, retaining no electronic or hard-copy versions of the HIPAA/Confidential information in any form or medium.  I hereby agree that any dispute related to or arising out of this Order shall be under the exclusive jurisdiction of the United States federal courts and governed by the laws of the United States.  I hereby consent to the jurisdiction of the United States District Court for the purpose of enforcing the Order.

**DATED** this _____ day of _____, 2021.

_____